IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CELESTINE TERRY,              )
                              )
        Plaintiff,             )
                              )
                              )
vs.                           )   CASE NO. 3:09-557
                              )   JUDGE TRAUGER/KNOWLES
                              )
                              )
AIG AMERICAN GENERAL,          )
                              )
        Defendant.             )

## REPORT AND RECOMMENDATION

This case has been referred to the undersigned, in part, "for a frivolity review under 28 U.S.C. § 1915(e)(2)(B) . . . ." That statute provides in relevant part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> . . .
>
> (B) the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

This is a pro se action brought under Title VII of the Civil Rights Act of 1964. Docket No. 1. Plaintiff states in her Complaint that the EEOC "issued a Notice of Right to Sue which was received by Plaintiff on July 31, 08." While the Complaint states that a copy of the Notice has been attached to it, the record does not contain a copy of the Notice.

Pursuant to 42 U.S.C. § 2000e-5(f)(1), a plaintiff must file her complaint in a Title VII action within ninety (90) days of receiving her EEOC Right to Sue Notice. A plaintiff's lawsuit can be dismissed if it is not brought within the ninety (90) day statutory period. *See, e.g., Irwin v. Dept. of Veterans's Affairs,* 498 U.S. 89, 96 (1990); *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 150 (1984). While certain circumstances may excuse the ninety (90) day requirement, Plaintiff has offered no explanation as to why it should not be applied in this action.

The instant case was filed, at the very earliest, on October 30, 2008, when Plaintiff submitted her Complaint and an application to proceed in forma pauperis. Docket Nos. 1, 2. It is, therefore, untimely, having been filed, at the earliest, 91 days after Plaintiff's receipt of her Notice of Right to Sue.[1]

For the foregoing reasons, the undersigned recommends that Plaintiff's Complaint be DISMISSED for failure to state a claim upon which relief may be granted.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See*

---

[1] On November 3, 2008, Judge Trauger denied Plaintiff's application to proceed in forma pauperis (Docket No. 3), and Plaintiff paid the filing fee in this action on June 16, 2009 (Docket No. 7). While there might be some argument as to whether the Complaint should be deemed to have been filed on October 30, 2008, or on June 16, 2009, it is unnecessary for the Court to address that issue, because the Complaint was not timely filed even assuming that it was filed on October 30, 2008.

*Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                           _____
                                           E. Clifton Knowles
                                           United States Magistrate Judge